UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>  v.<br><br>LUCA CUCINA ITALIANA, INC.,,<br><br>    Defendant. | Case No. 21-cv-03092-JSC<br><br>**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 13, 14, 16, 18, 19, 20 |

    Plaintiff filed this Americans with Disabilities Act access case on April 28, 2021 and Defendant answered on June 30, 2021. Under General Order 56, which governs this case, no later than 60 days after service of the complaint the parties were required to conduct a joint site inspection. GO 56 ¶ 7. No more than 35 days following the joint site inspection, the parties were required to hold a settlement meeting. *Id*. ¶ 8. If the case did not resolve, then within 42 days of the joint site inspection or settlement meeting—whichever occurs first—the parties were required to file either a Notice of Settlement or a Notice of Need for Mediation and Certification of Counsel. *Id*. ¶ 9.

    In light of the apparent failure to comply with the scheduling order, on January 4, 2022, the Court ordered the parties to file either a Notice of Settlement of ADA Access Case or Notice of Need for Mediation and Certification of Counsel within 14 days. (Dkt. No. 13.) The parties did not respond to the Court's Order and on February 14, 2022, the Court issued an Order to Show Cause as to why the action should not be dismissed for failure to prosecute. (Dkt. No. 14.) Plaintiff responded to the Court's Order to Show Cause contending that Defendant had been unresponsive to emails in July and August 2021 and that on August 30, 2021, defense counsel had responded to Plaintiff's request to schedule a joint site inspection by stating that her client was out of the

country until September 2021.  (Dkt. No. 16 at ¶ ¶ 6-8.)  Defendant filed a response indicating that Ms. Townsend, Plaintiff's counsel who filed the response to the Order to Show Cause, was at least the fourth or fifth counsel that she had corresponded with regarding the case and "there were additional telephone and email communications with other counsel which are not reflected in the Townsend Declaration."  (Dkt. No. 18 at 1.)  Defendant requested that the Court dismiss the action for failure to prosecute.  (*Id*.)  The Court directed Defendant to file a declaration and documents supporting the statements in its response.  (Dkt. No. 19.)  Defendant's counsel, Petra Reinecke, thereafter filed a declaration attesting to additional communications and attached emails between counsel.  (Dkt. No. 20.)

Two things in Defendant's supplemental filing stand out.  First, prior to the window of time referenced in Plaintiff's Order to Show Cause response, Defendant repeatedly arranged telephonic meetings with Plaintiff's counsel which Plaintiff's counsel did not appear for.  (Dkt. No. 20-1.)  Second, in response to Plaintiff's request to schedule the site inspection, Defendant's counsel responded that her client was out of the country until September 13, 2021 and offered to stipulate to a continuance of the deadline to September 22, 2021.  (Dkt. No. 20-2.)  Plaintiff did not respond to Defendant's email and did not contact Defendant again until after the Court issued the Order to Show Cause.  (Dkt. No. 16 at ¶ 12.)  Plaintiff's response to the Order to Show Cause omits Defendant's offer to stipulate to extend the site inspection date and Plaintiff's failure to respond to Defendant's offer; instead, Plaintiff creates the misimpression that Defendant did no more than state that her client was out of the country.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal...or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the 'efficient administration of judicial business for the benefit of all litigants with cases pending.'" *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to comply with the Court's scheduling order, failing to respond to defense counsel, failing to respond to the order to file a Notice of Settlement of ADA Access Case or Notice of Need for Mediation and Certification of Counsel, and failing to prosecute this action until the Court warned that dismissal was imminent, Plaintiff has delayed adjudication of this action.  Further, Plaintiff's response to the Court's Order to Show Cause omitted significant information about Plaintiff's own lack of diligence.  (Dkt. No. 16.)  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other...criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to respond would result in dismissal of this action. (Dkt. No. 14.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of

3

dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41.[1]

**IT IS SO ORDERED.**

Dated: March 28, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 12.)